# In the United States Court of Federal Claims

No. 16-314L

(Filed: August 8, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| 1100 W. EWING ASSOC., LLC, | |
| ARGONAUT PROPERTIES, INC., | Rails to Trails Case; National Trails System Act, 16 U.S.C. § 1241 (2006); Washington State Property Law; Deed Interpretation; Easement; Fee Simple; Motion for Reconsideration. |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Thomas S. Stewart*, with whom were *Elizabeth McCulley*, *Steven M. Wald*, and *Michael J. Smith*, Stewart Wald & McCulley, LLC, Kansas City and St. Louis, Missouri, for Plaintiffs.

*Kristine S. Tardiff*, with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General, Natural Resources Section, Environmental and Natural Resources Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION
### OF THE COURT'S JUNE 27, 2018 OPINION AND ORDER

WHEELER, Judge.

On July 25, 2018, Plaintiffs filed a motion for reconsideration of the Court's June 27, 2018 Opinion and Order, Dkt. No. 50, denying Plaintiffs' motion for partial summary judgment and granting the Government's cross-motion for summary judgment. At the Court's request, the Government filed a response to Plaintiffs' motion on August 3, 2018. For the reasons stated below, the Court DENIES Plaintiffs' motion for reconsideration.

Rule 59 of this Court's procedural rules describes the general circumstances which might prompt reconsideration of a judgment, making clear that the decision whether to

grant a motion for reconsideration is squarely within the discretion of the trial court.  Martin v. United States, 101 Fed. Cl. 664, 671 (2011).  Moreover, under Rule 54(b), the Court may revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [that] does not end the action as to any of the claims or parties" prior to entry of a judgment adjudicating all claims. Reconsideration under Rules 54(b) and 59(a) is "available 'as justice requires.'"  Martin, 101 Fed. Cl. at 671.  Such a motion should only be granted upon the showing of "exceptional circumstances justifying relief, based on manifest error of law or mistake in fact."  Webster v. United States, 93 Fed. Cl. 676, 679 (2010) (citing Henderson Cty. Drainage Dist. No. 3 v. United States, 54 Fed. Cl. 334, 337 (2003)).  Exceptional circumstances include:  (1) an intervening change in the controlling law; (2) availability of previously unavailable evidence; or (3) preventing manifest injustice.  Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 29 (2007).

Plaintiffs' motion for reconsideration does not meet this standard.  Instead, Plaintiffs disagree with the Court's conclusions in its Opinion and Order and retread the arguments from their motion for partial summary judgment.  A motion for reconsideration is not an opportunity for an unhappy litigant to have an "additional chance to sway the court."  Martin, 101 Fed. Cl. at 671 (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)) (internal quotation marks omitted).  Further, motions for reconsideration should not be entertained upon "'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise[, as here,] the losing party would generally, if not always, try [its] case a second time.'"  Pinckney v. United States, 90 Fed. Cl. 550, 554 (2009) (quoting Fru-Con Const. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999) (quoting another source)).  The Court will not grant Plaintiffs' motion because it "'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the Court.'"  Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002) (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993) (omissions in original)).

Further, as to Plaintiffs' alternative request that the Court certify the deed interpretation questions at issue in this case to the Washington Supreme Court for guidance and clarification, the Washington Supreme Court has already denied similar petitions from this Court in previous cases.  See Certification from the United States Court of Federal Claims in Clifford F. Schroeder, et al. v. United States, No. 77619-9 (Wash. Oct. 7, 2005); see also Def.'s Resp., Dkt. No. 54, at Ex. 1.  The Court is also of the opinion that the Washington Supreme Court has supplied sufficient guidance on the questions at issue in this case through its prior adjudication of other deed interpretation cases—guidance this Court analyzed and applied in its June 27, 2018 Opinion and Order.

For all these reasons, Plaintiffs' motion for reconsideration is DENIED.

2

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge